IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL M. MACHADO, ROSE ELIA MACHADO, GLORIA C. MACHADO, AND THE ESTATE OF MIKE M. MACHADO, <br><br>    Plaintiffs, <br><br> vs. <br><br> THE BANK OF NEW YORK MELLON AS SUCCESSOR TO J.P. MORGAN CHASE BANK, N.A. AS TRUSTEE FOR C-BASS MORTGAGE ASSET-BACKED CERTIFICATES, SERIES 2005-RPI, <br><br>    Defendant. | CV. NO. SA-12-CV-00840-DAE |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On May 31, 2013, the Court heard a Motion to Dismiss brought by Defendant the Bank of New York Mellon ("Defendant"). (Doc. # 6.) Papool Subhash Chaudhari, Esq., appeared at the hearing on behalf of Defendant; Michael M. Machado, Esq., appeared on behalf of Plaintiffs Michael M. Machado, Rose Elia Machado, Gloria C. Machado and the Estate of Mike M. Machado

1

(collectively, "Plaintiffs"). After careful consideration, the Court **GRANTS** Defendant's Motion to Dismiss.

## BACKGROUND

On or around June 2, 1995, Plaintiffs entered into a loan transaction which was secured by a mortgage encumbering real property located at 106 Tuscarora Trial, Shavano Park, Texas 93603 (CB 5938 BLK LOT 1217) (the "Subject Property"). ("Orig. Pet.," Doc. # 1-4 ¶ 4.) The Deed of Trust was recorded in the Official Public Records of Bexar County, Texas. (Id.) Defendant subsequently purchased the debt obligation from the original lien holder. (Id.)

On January 12, 2012, Plaintiffs and Defendant entered into a Modification Agreement which provided a new principal balance, down payment, monthly payment, and payment term on Plaintiffs' mortgage loan. (Id.) According to Plaintiffs, they made payments to OCWEN LOAN SERVICING, L.L.C. ("OCWEN") in accordance with the Modification Agreement. (Id.)

In April 2012, Plaintiffs received a letter returning their April 2012 payment of $2,335.65, entitled "Insufficient to Cure Default." (Id.) Included with the letter was an account statement from OCWEN which allegedly referred to Plaintiffs' previous default of the original loan under the old terms which had been modified in January 2012. (Id.) Plaintiffs attempted several times without success

to make telephone contact with OCWEN.  (Id.)  Soon thereafter, Defendant listed the Subject Property for sale at a foreclosure auction to be held on September 4, 2012.  (Id.)

On August 27, 2012, Plaintiffs filed suit against Defendant in the 37th Judicial District Court of Bexar County, Texas.  (Doc. # 1.)  Plaintiffs' state-court petition brings a cause of action for "bad faith" and seeks an injunction preventing the foreclosure sale of the Subject Property.  (Doc. # 1-4.)  On August 29, 2012, Plaintiffs obtained an ex parte temporary restraining order preventing Defendant from "selling or attempting to sell the [Subject Property]."  (Id.)

On September 11, 2012, Defendant removed the instant case to federal court.  (Doc. # 1.)  On December 4, 2012, Defendant filed a Motion to Dismiss.  (Doc. # 2.)  Plaintiffs did not file any response in opposition to the motion.  At the hearing, Plaintiffs' counsel indicated that he does not oppose Defendant's Motion to Dismiss.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

In analyzing a motion to dismiss for failure to state a claim, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotations and citations omitted). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory

allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

## DISCUSSION

In their state-court petition, Plaintiffs allege that Defendant "engaged in acts of bad faith which have made it virtually impossible for Plaintiffs to exercise their rights of redemption under the Texas Property Code" by (1) failing to "acknowledge" the terms of the Modification Agreement, (2) failing to provide basic information on the mortgage, (3) failing to return telephone calls and communicate in a timely manner, and (4) failing to give up-to-date and accurate "payoff figures." (Orig. Pet. ¶ 5.)

The Texas Supreme Court has declined to impose an implied duty of good faith and fair dealing in every contract, though it has recognized that such a duty may arise as a result of "a special relationship between the parties governed or created by a contract." UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc., 176 S.W.3d 595, 612 (Tex. App. 2005) (citing Arnold v. Nat'l Cnty. Mut. Fire Ins. Co., 725 S.W.2d 165, 167 (Tex. 1987)); see also City of Midland v. O'Bryant, 18 S.W.3d 209, 215 (Tex. 2000). Such "special relationships" have been found to

arise where contractual relationships are marked by shared trust or an imbalance of bargaining power.  T & M Sales & Envtl. Sys, 176 S.W.3d at 612.  However, absent a "special relationship," any duty to act in good faith is contractual in nature and its breach does not amount to an independent tort.  Id. (citing Cole v. Hall, 864 S.W.2d 563, 568 (Tex. App. 1993)).  Moreover, "[t]he relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith."  FDIC v. Coleman, 795 S.W.2d 706, 708–09 (Tex. 1990) (citing English v. Fischer, 660 S.W.2d 521, 522 (Tex. 1983)); White v. Mellon Mortg. Co., 995 S.W.2d 795, 800 (Tex. App. 1999) ("[T]he relationship between a mortgagor and a mortgagee does not give rise to a duty of good faith.").  In the instant case, Plaintiffs do not allege any facts to indicate a "special relationship" with Defendant and thus fail to state a claim for "bad faith" under Texas law.

Additionally, insofar as Plaintiffs allege that they were unable to "exercise their rights of redemption under the Texas Property Code," they fail to state a claim.  There are two types of redemption under the law of mortgages.  Prior to foreclosure, a mortgagor possesses a common-law "equitable right of redemption" whereby she may redeem the property within a reasonable time upon full payment of the mortgage lien.  See Scott v. Dorothy B. Schneider Estate Trust, 783 S.W.2d 26, 28 (Tex. App. 1990).  After foreclosure, the state of Texas has

conferred statutory "rights of redemption" on mortgagors in some instances. For example, § 209.011 of the Texas Residential Property Owners Protection Act grants the "owner of property in a residential subdivision" certain rights of redemption after a foreclosure sale on a "property owners' association's assessment lien." See Tex. Prop. Code. § 209.011.

In the instant case, Plaintiffs do not invoke any particular provision of the Texas Property Code. Thus, it is unclear whether Plaintiffs even possess a statutory right of redemption under the Texas Property Code. Moreover, Plaintiffs do not contend that the alleged breakdown in communication between Plaintiffs and Defendant actually foreclosed Plaintiffs from exercising their right of redemption. Thus, Plaintiffs also fail to state a claim for "bad faith" under Texas law on this basis.

Plaintiffs' request for a "temporary injunction" also fails. Plaintiffs may not seek a preliminary injunction in a complaint. Pursuant to Local Rule CV-65, "[a]n application for a temporary restraining order or preliminary injunction shall be made in an instrument separate from the complaint." Moreover, to obtain a preliminary injunction, a plaintiff must demonstrate, among other things, a likelihood of success on the merits of his or her claim. See Harris Cnty. v. CarMax Auto Superstores, Inc., 177 F.3d 306, 312 (5th Cir. 1999). Because Plaintiffs have

not pleaded a single viable cause of action, they cannot make this showing and their request for injunctive relief fails.  See <u>Pajooh v. Harmon</u>, 82 F. App'x 898, 899 (5th Cir. 2003) (affirming the district court's denial of injunctive relief when plaintiff failed to state a claim).

Finally, Defendant requests that this action be dismissed <u>with prejudice</u>.  Plaintiffs' counsel, while not opposing dismissal at the hearing, asks that the case be dismissed <u>without prejudice</u>.  Although Plaintiffs have never amended their complaint in this case, Plaintiffs' sole cause of action for "bad faith" is generally not recognized under Texas law.  Thus, any amendment would appear to be futile.  Moreover, the Court notes that Plaintiffs' counsel never filed a response in opposition to Defendant's Motion to Dismiss as required by Local Rule CV-7(e).  This action is therefore dismissed <u>with prejudice</u>.

CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss.  (Doc. # 6.)  This action is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

DATED: San Antonio, Texas, May 31, 2013.

8

_____
David Alan Ezra
Senior United States District Judge